IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

JAMES RONNIE REEVES                                                                           PLAINTIFF

v.                                                                           CIVIL ACTION NO. 1:13cv492-KS-MTP

RONALD KING, et al.                                                                           DEFENDANTS

**REPORT AND RECOMMENDATION**

THIS MATTER is before the Court on a Motion for Summary Judgment [56] filed by Defendants Brenda Simms, Chiquita Brown, Joseph Cooley, Ronald King, Debra Platt and Steven Packer; and Motion Asking Acceptance of Objection to Motion for Summary Judgment [58] filed by the Plaintiff. Having carefully considered the record and the submission of the parties, the undersigned recommends that Defendants' Motion for Summary Judgment [56] be granted, that Plaintiff's remaining claims should be dismissed *sua sponte* for failure to state a claim upon which relief can be granted, and that Plaintiff's Motion [58] be denied.

**BACKGROUND**

Plaintiff James Ronnie Reeves, proceeding *pro se* and *in forma pauperis*, filed this civil action pursuant to 28 U.S.C. § 1983 on or about May 8, 2012. Reeves is currently incarcerated at South Mississippi Correctional Institution (SMCI) in Leakesville, Mississippi. SMCI is operated by the Mississippi Department of Corrections ("MDOC"). Through his complaint and as clarified during his *Spears*[1] hearing, Reeves alleges several claims in connection to the issuance of a Rule Violation Report (RVR).

---

[1] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985). Jones's *Spears* hearing took place on April 23, 2013. The contents of the hearing were filed as an Omnibus Order [37].

1

According to Reeves, on or about July 10, 2011, he received a RVR from Defendant Packer for inciting a riot. Reeves claims the RVR was based on a false charge because the incident at issue was merely a nonviolent protest.[2] Reeves claims that Defendant Simms instructed Packer to prepare the "false RVR." A hearing on the matter was later held at which Defendant Platt served as the hearing officer. Reeves claims that on the day of the hearing, Defendant Brown deprived him of his noon meal. Reeves claims that Defendant Platt was not an impartial at the hearing, and that she did not allow Reeves to call witnesses or give him an opportunity to speak on his on behalf in violation of his due process rights. Platt found Reeves guilty of inciting a riot, and Reeves alleges he lost certain privileges and 60 days good time credit as a result. Reeves also claims that Defendant Brown ordered Platt to find him guilty and threatened Reeves with physical force.

Reeves sought to appeal the disciplinary conviction by utilizing the prison's Administrative Remedy Procedure (ARP). However, Reeves alleges that his initial ARP form was lost by Defendant Cooley, which resulted in Reeves re-filing the ARP in December 2011. Reeves claims that Defendant King, then Superintendent of SMCI, later violated MDOC policy and wrongfully affirmed Reeves's disciplinary conviction.[3]

Defendants filed their Motion for Summary Judgment [56] on May 9, 2014. In the Motion, Defendants claim they are entitled to sovereign and qualified immunity as to Reeves's due process claims in connection to the RVR. On June 6, 2014, Reeves filed Motion [58], in which he argues that there are genuine issues of material fact and that summary judgment should not be granted. Reeves's motion is essentially a response to the Defendants' motion for summary judgement [56].

---

[2] *See* Omnibus Order [37].

[3] *Id.*

2

## **STANDARD**

Summary Judgment

Federal Rule of Civil Procedure 56(a) provides that the court shall grant summary judgment if there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. If a party fails to properly support an assertion of facts or fails to properly address another party's assertion of fact as required, the court may grant summary judgment if the motion and supporting materials–including the facts considered undisputed–show that the moving party is entitled to it. FED. R. CIV. PRO. 56(e). Summary judgment is proper "where a party fails to establish the existence of an element essential to his case and on which he bears the burden of proof." *Washington v. Armstrong World Indus.*, 839 F.2d 1121, 1122 (5th Cir. 1988). "A complete failure of proof on an essential element renders all other facts immaterial because there is no longer a genuine issue of material fact." *Id.*

This court may grant summary judgment only if, viewing the facts in a light most favorable to the plaintiff, the defendant demonstrates that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law. *Woods v. Smith*, 60 F.3d 1161, 1164 (5th Cir. 1995). If the defendant fails to discharge the burden of showing the absence of a genuine issue concerning any material fact, summary judgment must be denied. *John v. State of Louisiana*, 757 F.2d 698, 708 (5th Cir. 1985). The existence of an issue of material fact is a question of law that the court must decide, and in making that decision, it must "draw inferences most favorable to the party opposing the motion, and take care that no party will be improperly deprived of a trial of disputed factual issues." *Id.* at 712 (quoting *U.S. Steel Corp. v. Darby*, 516 F.2d 961, 963 (5th Cir. 1975)).

Failure to State a Claim

In their Motion [56], Defendants seek summary judgment only as to Reeve's due process claims regarding the issuance of an RVR and the subsequent hearing. Defendants do not discuss Plaintiff's other allegations, including his denial of access to the courts claim, his claim that he was denied a meal and his claim that Defendant Brown's made threats of physical force. Thus, Defendants' Motion [56] is more properly construed as a motion for partial summary judgment. However, under 28 U.S.C. § 1915(e), the district court is directed to dismiss an *in forma pauperis* complaint at any time if it determines that the complaint is frivolous or malicious or fails to state a claim upon which relief may be granted. *See Jones v. Bock*, 549 U.S. 199, 202 (2007) (holding that Prison Litigation Reform Act mandates early judicial screening of prisoner complaints).

A complaint is frivolous if it lacks an arguable basis in law or fact. A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist. *See Rogers v. Boatright*, 709 F.3d 403, 407 (5th Cir. 2013) (citing *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999)). A complaint lacks an arguable basis in fact if, after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless. *Id.* (quotations omitted).

## ANALYSIS

Defendant's Motion for Summary Judgment

Defendants claim they are entitled to sovereign and qualified immunity as to Reeves's claims regarding the issuance of the RVR and his resulting punishment.[4]

---

[4]Reeves did not distinguish whether he is suing Defendants in their official or individual capacities at his *Spears* hearing. *See* Omnibus Order [37].

Sovereign Immunity

The Eleventh Amendment to the United States Constitution "bars an individual from suing a state in federal court unless the state consents to the suit or Congress has clearly and validly abrogated the state's sovereign immunity. *Kermode v. Univ. of Miss. Med. Ctr.*, 496 Fed. App'x 483, 487 (5th Cir. 2012) (citing *Perez v. Region 20 Educ. Serv. Ctr.*, 307 F.3d 318, 336 (5th Cir. 2002)). The State of Mississippi has not consented to this suit, and Congress have never acted to abrogate Eleventh Amendment immunity for Section 1983 purposes. *Voisin's Oyster House, Inc. v. Guidry*, 799 F.2d 183, 186 (5th Cir. 1986) ("Section 1983 does not override the Eleventh Amendment bar.") Sovereign immunity extends to any state agency or entity deemed to be "an arm of the state." *Perez*, 307 F.3d at 326. Thus, it is necessary to determine whether MDOC is an arm of the state. The Fifth Circuit has identified six factors to guide this analysis:

> (1) whether state statutes and case law view the entity as an arm of the state; (2) the source of the entity's funding; (3) the entity's degree of local autonomy; (4) whether the entity is concerned primarily with local, as opposed to statewide, problems; (5) whether the entity has the authority to sue and be sued in its own name; and (6) whether the entity has the right to hold and use property.

*Perez*, 307 F.3d at 326-27. An entity need not satisfy all six factors, rather, the factors "simply provide guidelines for courts to balance the equities and determine if the suit is really one against the state itself." *Id.* at 327.

An application of the above factors establish that MDOC is an arm of the state. First, MDOC is considered an arm of the state by Mississippi statute. *See* Miss. Code Ann. § 47-5-1, et. seq.; *see also Scott v. MDOC*, No. 2:05cv2159-KS-JMR, 2006 WL 1666258, at *2 (S.D. Miss. Jun 12, 2006) ("The MDOC is an agency of the State of Mississippi as created by the statutes thereof . . . .") Next,

MDOC is funded by the State. *See* http://www.mdoc.state.ms.us/division_of_administration.htm ("MDOC is appropriated funds each fiscal year (July 1 - June 30) by the Mississippi Legislature."). Regarding the fourth factor, MDOC is responsible for the confinement of prisoners throughout the State of Mississippi. Regarding the fifth factor, MDOC has the authority to sue and be sued in its own name. *See Scott*, 2006 WL 1666258. Finally, regarding the sixth factor, MDOC is authorized to hold and use property. *See* Miss. Code Ann. § 47-5-5 (stating that the MDOC Commissioner "is authorized to receive and disburse private and public grants, gifts and bequests which may be available to this state for correctional facilities . . . which said sum so received shall be subject to all the law applicable to the State Fiscal Management Board."). For these reasons, the undersigned finds that MDOC is an arm of the State of Mississippi for purposes of the Eleventh Amendment.

As MDOC is an arm of the state, its officers and employees are, in fact, officers and employees of the state, and are likewise entitled to sovereign immunity from monetary damages. *See Am. Bank and Trust Co. v. Dent*, 982 F.2d 917, 921 (5th Cir. 1993) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) ("a suit against a state official in his or her official capacity . . . is no different from a suit against the State itself.")). Accordingly, Defendants in their official capacity have immunity against Reeves's monetary claims under Section 1983.

Notwithstanding Defendant's immunity in their official capacities for monetary damages, they are not entitled to sovereign immunity for prospective injunctive relief. This doctrine, set forth by the Supreme Court in *Ex parte Young*, 209 U.S. 123 (1908), is an exception to the general prohibition of the Eleventh Amendment. *See Verizon Maryland, Inc. v. Pub. Serv. Comm'n*, 535 U.S. 635, 645 (2002) (holding that the *Ex Parte Young* exception applied to the Eleventh Amendment bar for claims for injunctive relief against defendants in their official capacities).

Several of Reeves's claims seek injunctive relief. First, in regard to his due process claims, Reeves requests that the RVR issued to him be expunged from his record and that his 60-day good time credits be restored. Reeves also requests that he be transferred to a facility closer to his home, although it is not clear as to which claim this relief is connected. To the extent Reeves's requests prospective injunctive relief, Defendants are not entitled to sovereign immunity. However, as discussed below, Reeves has failed to establish a violation of a constitutional right. Accordingly, these claims should also be dismissed.

Qualified Immunity

Although defendants have raised the defense of qualified immunity, "if it becomes evident that the plaintiff has failed to state or otherwise to establish a claim, then the defendant[s] are entitled to dismissal on that basis." *Wells v. Bonner*, 45 F.3d 90, 93 (5th Cir. 1995) ("Before we determine whether 'the constitutional right asserted by a plaintiff [was] 'clearly established' at the time the defendant acted[,]' we must determine whether the plaintiff has asserted a violation of a constitutional right at all."). Thus, if the Court finds that the plaintiff's claim is not a cognizable constitutional claim, it need not reach the question whether the defendants are entitled to qualified immunity. *Id.*

*Due Process Claim Regarding the RVR*

Reeves argues that the issuance of the RVR and his resulting loss of good conduct time violated his due process rights. Specifically, Reeves alleges that Defendants Packer and Simms issued him a "false RVR,' that Defendant Brown ordered another officer to find Reeves guilty at the RVR hearing, and that Defendant Platt refused to allow him to call witnesses or speak on his own behalf at the hearing. Reeves also alleges that he lost 60 days good conduct time as a result of the

hearing.

As an initial matter, although Reeves has alleged he lost good conduct time, an inspection of the RVR at issue indicates otherwise. RVR # 1179618 reflects that Reeves merely lost two months of all privileges, excluding exercise.[5] Defendants raise this issue in their Motion [56] for Summary Judgment, and Plaintiff has failed to offer any arguments or evidence to the contrary. Thus, the punishment at issue here involves only Reeves's loss of privileges.

The analysis of a prisoner's due process claim stemming from a prison disciplinary conviction begins with determining whether a constitutionally protected liberty interest exists. *Sandin v. Conner*, 515 472, 481-83 (1995). In order to invoke the protections of the Due Process clause, the plaintiff must have a protected liberty interest at stake. A constitutionally protected liberty interest is "limited to freedom from restraint which . . . imposes atypical and significant hardships on the inmate in relation to the ordinary incidents of prison life. *Id.* at 484.

Reeves's loss of privileges for 60 days does not give rise to a protected liberty interest because the loss does not "impose[] atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." The United States Court of Appeals for the Fifth Circuit has repeatedly held that the loss of privileges does not implicate due process concerns. *See Landor v. Lamartiniere*, 515 Fed. App'x 257, 259 (5th Cir. 2013) (holding that loss of privileges and transfer to different cell block did not implicate prisoner's liberty interest); *Thomas v. Quaterman*, 272 Fed. App'x 406, 408 (5th Cir. 2008) (per curiam) ("[T]he loss of privileges and cell restrictions are ordinary incidents of prison life and do not give rise to a protected liberty interest)(citing *Sandin,*

---

[5]*See* Rule Violation Report [56-1] at 7. Above and on the line labeled "punishment," the RVR reads "Restriction of all privileges not to exceed two months, excluding exercise. Period beginning Aug. 10, 2011 to Oct. 8, 2011."

8

525 U.S. at 478)); *Taylor v. Stanciel*, 202 Fed. App'x. 662, 663 (5th Cir. 2006) (holding that a loss of privileges for 30 days does not give rise to a liberty interest). Furthermore, even in the event that the RVR inaccurately reflects Reeves's punishment, and he did in fact lose good conduct time, his Section 1983 claims would nonetheless be barred by *Heck v. Humphrey*. 512 U.S. 477 (1994).[6]

Therefore, because Reeves's disciplinary conviction and his resulting punishment do not implicate his due process rights, he is not entitled to relief under Section 1983.

### *Due Process/Denial of Access to the Courts Claim Regarding Lost ARP*

As outlined above, Reeves sought relief from his disciplinary conviction through the filing of an ARP. Reeves alleges that his initial ARP was lost by Defendant Cooley, which caused a delay in the process and resulted in a due process violation and/or denial of access to the courts. The undersigned finds Reeve's claims are without merit.

In regard to his due process claim, it is well-settled that a prisoner has no constitutional right to a grievance procedure, and has no due process liberty interest right in have his grievance resolved

---

[6]The Supreme Court held in *Heck v. Humphrey*, that a prisoner cannot bring a Section 1983 action based on a conviction until that conviction "has been reversed on direct appeal, expunged by executive order, or otherwise declared invalid in a state collateral proceeding or by the issuance of a federal writ of habeas corpus, if a favorable judgment would necessarily imply the invalidity of the prisoner's conviction or the length of his confinement." *Clarke v. Staler*, 154 F.3d 186, 189 (citing *Heck*, 512 U.S. at 486-87). The *Heck* doctrine applies to Section 1983 claims by state prisoners challenging the validity of disciplinary actions and the loss of good-time credits. *Clarke*, 154 F.3d at 189; *see also Edwards v. Balisok*, 520 U.S. at 648 (holding that prisoner's claims for money damages based on alleged defects in his disciplinary process are barred by *Heck*, as such claims would "necessarily imply the invalidity of the punishment imposed."). In this case, Reeves alleges that his disciplinary process was invalid, and seeks money damages. If the court were to find in his favor, it would "necessarily imply the invalidity of the punishment imposed." *Id.* Because the rule set forth in *Heck* applies to Reeves's claim, he must establish that his disciplinary conviction has been invalidated in order to proceed under Section 1983.

to his satisfaction. *See, e.g., Gaines v. McDonald*, 577 Fed. App'x 335, 336 (5th Cir. 2014) (per curiam); *Bonneville v. Basse*, 536 Fed. App'x 502, 503 (5th Cir. 2013) (per curiam); *Geiger v. Jowers*, 404 F.3d 371-374-75 (5th Cir. 2005). As for Reeves's allegation that he was denied access to the courts, he has failed to establish the facts necessary to support such a claim. Prisoners have a constitutional right of access to courts, upon which they can bring challenges to their sentences or conditions of confinement. *Lewis v. Casey*, 518 U.S. 343, 356 (1996). To succeed on this claim, an inmate must establish unconstitutional conduct as well as show a "relevant actual injury stemming from the defendant's . . . conduct." *Brewster v. Dretke*, 587 F.3d 764, 769 (5th Cir. 2009). Here, Reeves has failed to describe in what way the lost ARP caused an actual injury. In addition, the fact that Reeves was able to re-file the ARP and file the instant action weighs against a finding that he was prejudiced in any way.

Finally, Reeves argues that Defendant King violated his due process rights because he was the ultimate decision maker on appeal of the RVR, and wrongfully affirmed Reeves's conviction. Reeves also claims that Defendant King violated his due process rights in failing to follow MDOC policy, although Reeves does not explain which policies or how King violated them. The undersigned likewise finds these claims to be without merit. As stated above, Reeves has no liberty interest right in having a grievance resolved to his satisfaction. *Geiger*, 404 F.3d at 374-74 (5th Cir. 2005). Furthermore, even assuming that Defendant King violated prison policy, such a failure would be irrelevant as the failure of a prison official to follow a prison's regulations or policies does not amount to a constitutional violations. *See Hernandez v. Estelle*, 788 F.2d 1154, 1158 (5th Cir. 1986). For these reasons, the undersigned finds that Reeves has failed to state a cognizable claim against the Defendants based on these grounds.

*Threats*

Reeves alleges that Defendant Chiquita Brown threatened to use, but did not use, physical force against him.[7] The Fifth Circuit has held that "mere threatening language and gestures of a custodial officer do not, even if true, amount to constitutional violations." *McFadden v. Lucas*, 713 F.2d 143, 146 (5th Cir. 1983). Thus, the undersigned finds that Reeves has failed to state a cognizable claim under Section 1983 on these grounds.

*Denial of Meal*

Reeves alleges that on the day of his RVR hearing, Defendant Simms deprived Reeves of his noon meal. Reeves claims that he is a "borderline diabetic" and is unsure how deprivation of the meal affected his health. The Eighth Amendment, which prohibits the imposition of cruel and unusual punishment, requires that inmates be provided well-balanced meals with sufficient nutritional value to preserve health. Berry, 192 F.3d at 507. However, if the alleged deprivation of food does not deny a prisoner the "minimal measure of life's necessities," it does not violate the Constitution. *Id.* (quoting *Talib v. Gilley*, 138 F.3d 211, 214 n. 3(5th Cir. 1998)). The fact that an inmate misses an occasional meal does not necessarily implicate the inmates's constitutional rights. *See Talib*, 138 F.3d at 214 n. 3 ("Missing a mere one out of every nine meals is hardly more than that missed by many working citizens over the same period."); *see also Palmer v. Johnson*, 193 F.3d 346, 352 (5th Cir. 1999).

Reeves has alleged that he missed one meal on a single day. He does not state any additional facts that would indicate that he faced a substantial risk of harm because of the incident.

---

[7]*See* Omnibus Order [37] at 3. Reeves did not provide any additional facts surrounding the alleged threat either his Complaint [1], Amended Complaint [31] or at the omnibus hearing.

Accordingly, he has failed to state a cognizable claim against defendants arising from his deprivation of one meal. *See Oladipupo v. Austin*, 104 F. Supp. 2d 626, 640 (W.D. La. 2000) (finding that prisoner plaintiff had failed to state a claim against defendants arising from his deprivation of one meal).

Plaintiff's Motion Objecting to Summary Judgment

Due to the analysis of Reeves's claims *supra*, the undersigned concludes that his Motion [58] objecting to summary judgment be denied.

## RECOMMENDATIONS

For the reasons stated above, it is the recommendation of the undersigned that Defendants' motion for summary judgment [65] as to Plaintiff's due process claims be GRANTED, that Plaintiff's remaining claims be dismissed *sua sponte* for failure to state a claim upon which relief can be granted under 28 U.S.C. § 1915(e), and that the dismissal count as a "strike" pursuant to 28 U.S.C. § 1915(g). Finally, the undersigned recommends that Plaintiff's motion objecting to summary judgment [58] be DENIED.

## NOTICE OF RIGHT TO OBJECT

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge and the opposing party. The District Judge at the time may accept, reject or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation

within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

THIS, the 16th day of January, 2015.

s/ Michael T. Parker
United States Magistrate Judge
